NOTE.—The special term decision in *Quintard* v. *Secor*, cited and approved by the court in the foregoing opinion, may be usefully consulted in connection with the cases of *Merritt* v. *Thompson* and *Myers* v. *Trimble*. It is therefore inserted as a note, and is as follows :

## GEORGE W. QUINTARD and another *v.* J. AUSTIN SECOR and another.

The 244th section of the Code, authorizing the court to order the defendant to satisfy a part of the plaintiff's demand, applies as well where the plaintiff's cause of action, as set up, is single and entire, and the answer admits a part thereof to be just, as where the complaint proceeds upon more than one cause of action, or more than one item of claim, one of which is admitted in the precise extent wherein it is set up by the plaintiff.

And as well, also, where the answer alleges that not more than a sum named is due, as where it concedes, affirmatively, that a certain amount is due.

An admission in the answer, that a part of the plaintiff's claim is just, authorizes the application of the provisional remedy provided in the last clause of § 244 of

Quintard *v.* Secor.

the Code, although the defendant, before answer, has served an offer to allow judgment for the sum admitted to be due.

*It seems,* that the provision referred to was not intended to abrogate the laws abolishing imprisonment for debt.

And *it seems,* that if inability to pay is shown by the defendant, it may induce the court in the first instance to withhold the order, or may excuse the apparent contempt of the defendant in disobeying it.

The cases of *Dolan* v. *Petty,* 4 Sand. Supr. C. R. 673; *Smith* v. *Olssen,* ib. 711; and *Roberts* v. *Law,* ib. 642, cited and commented upon.

THIS was an application by the plaintiffs, pursuant to the last clause of § 244 of the Code of Procedure, for an order directing the defendants to satisfy a part of the claim alleged in the complaint. The grounds of the motion and the objections taken in behalf of the defendants to the order applied for, are fully stated in the opinion.

*Erastus C. Benedict,* for the plaintiffs.

*Dennis McMahon,* for the defendants.

WOODRUFF, J.—The plaintiffs herein allege in their complaint that they have rendered services and furnished materials, use of tools, machinery, etc., to the defendants, which are reasonably worth the sum of $651 15, for which sum the defendants are indebted to them, with interest from the 28th day of September, 1854.

After the service of the summons and complaint, and before answering, the defendants served an offer to allow judgment to be entered in the plaintiff's favor for the sum of $572 52, with interest from the 28th day of September, 1854, with costs.

The offer not being accepted, the defendants put in an answer admitting that the services were rendered, and that the materials, use of tools, machinery, etc., were furnished, but denying that the services were reasonably worth the sum of $651 15, and on the other hand, alleging that they were worth only the sum of $572 52, and that there is no other or greater sum due from the defendants to the plaintiffs than the said sum of $572 15, with interest thereon from the 28th day of September, 1854.

Upon the coming in of the answer, the plaintiffs have applied to the court, under § 244 of the Code of Procedure, for an order that the defendant " satisfy that part of the plaintiffs' claim which he admits to be due, being the sum of $572 52, with interest from September 28, 1854." This motion is opposed by the defendants upon three grounds:

1. That the case is not such an one as is contemplated by the section referred to.

2. That the admission is not of that specific character which precludes inquiry, being only a concession that " not more than the sum named is due ;" citing *Dolan* v. *Petty*, 4 Sand. S. C. R. 673.

3. That where the defendant has made an offer to allow judgment to be taken for the sum sought, the court should not make an order for its payment; citing *Smith* v. *Olssen*, ib. 711.

I. Under this first objection, it is insisted that the language of the Code, " when the answer of the defendant admits part of the plaintiff's claim to be just," applies only to a case in which the complaint of the plaintiff proceeds upon more than one cause of action, or more than one item of claim, one or more of which is admitted in the precise extent in which it is set up by the plaintiff. As for example, when the action is upon two notes or bonds, and one of them is admitted to be due and payable, or when the action is for certain specified goods, and the defendant admits the purchase of certain of the goods at the very price claimed.

I cannot yield to this view of the construction of the statute. Its adoption necessarily results in excluding it from application to any case in which the plaintiff's cause of action, as set up, is single and entire ; and nothing in its terms, nor, in my judgment, in its spirit, warrants any such restriction. The terms " part of the plaintiff's claim," are at least equally well suited to a portion of one claim, as they are to one of two claims, and I think better, and had the legislature intended any such restriction, it would have been quite easy and much more explicit to say, " when the answer admits any one or more items in the plaintiff's claim or claims to be just," etc.

This, however, is not the only ground of my opinion of the meaning of the legislature. By § 142 of the Code, the requisites of a complaint are given, and it must contain three things which are there defined with particularity—1st, The title of the cause; 2d, The statement of the facts constituting the cause of action; and, 3d, A demand of the relief to which the plaintiff supposes himself entitled, and if the recovery of money be demanded, the amount thereof shall be stated.

Now, it is obvious that the first two of these requisites contain no " claim " whatever; the third, and the third only, contains the plaintiff's claim, and that alone declares the amount of money claimed. All else in the complaint is mere allegation of facts lying at the foundation of the plaintiff's title to relief, but his claim is his demand of that relief. If, then, he demands a recovery of one hundred dollars, and the defendant admits that he is entitled to recover fifty dollars, he " admits a part of his claim to be just," whether the facts stated, and out of which the plaintiff's title to recover arises, consists of one note or two.

Again, I perceive no reason why such a discrimination should be made. If a defendant admits that half the sum specified in one note is due and payable, it is no less just that he should pay that half, than that he should pay one of two notes when the plaintiff claims both. A legislature would exhibit a singular inconsistency in making such a distinction. For example: a defendant gives to one man a single note for $1,000. To another he gives two notes for $500 each. Being sued by both, he admits that $500 and interest are due on the first note, and in the other suit he admits that one note with the interest thereon is due, and that only. Is there any reason or equity in furnishing this provisional remedy to one plaintiff, and withholding it from the other? I can find none.

We may properly assume that both parties are acting in good faith, each supposing that he is only insisting upon his legal rights; but conceding this, there is no reason that either should retain in his hands money to which he admits that the other is entitled. The spirit and the scope and in general the

effect of the Code is to confine litigation to the real matters in dispute—to bring parties before the court upon the mere merits of their controversies, and this provision is plainly a part of the scheme, and to me it seems a most just and equitable one.

As on the one hand the defendant has it in his power to tender the sum admitted to be due, or to offer to submit to judgment, and so put the plaintiff to his election to litigate further or not, at the peril of costs, if he do not succeed ; so when the defendant admits a sum to be due, the plaintiff is permitted to require its payment, that the real matter of contest, and that only, may be before the court.

II. But it is urged that a concession that "not more than a sum named is due," is not an admission that a part of the plaintiff's claim, is just,(*a*) and such appears to have been the opinion of the court in the case cited. (*Dolan* v. *Petty*, 4 Sand. 673.)

Without the sanction of such a decision, I should hardly have deemed this argument entitled to grave consideration. Suppose the case brought to trial, and the plaintiff rested his case upon the pleadings, would the court hesitate to order judgment for the plaintiff to the extent of the sum so named? Nay, more, would they permit the defendant to call a single witness to prove that the plaintiff was entitled to less?

Is it possible that when a defendant says, "I admit that $572 52 is due, and deny that the goods were worth more," he in legal effect does anything more than when he says, "I aver that the goods were worth only $572. 52, and deny that any other or greater sum is due?"

The rules of pleading and the construction of pleadings have,

---

(*a*) The last clause of § 244 of the Code, now under consideration, was amended by the act of April 17, 1857, so as to read, "When the answer of the defendant *expressly*, or *by not denying*, admits part of the plaintiff's claim to be just, the court, on motion, may order such defendant to satisfy that part of the claim, and may enforce the order as it enforces a *judgment or* provisional remedy." The words inserted by the amendment are printed in italics.—REP.

it seems to me, undergone strange transformations, if these questions must not be answered in the negative.

The cases of *Roberts* v. *Law*, 4 Sand. 642; and *Dolan* v. *Petty*, ib. 678, may on this subject be usefully contrasted.

III. It is claimed that, inasmuch as the defendant has offered to suffer judgment to be entered against him for the sum admitted, this provisional remedy should be withheld, and *Smith* v. *Olssen* is cited as above stated.

The proposition seems to me to amount to this: A defendant may say to a plaintiff, I admit that the sum that I name is due. I do not deny that I am able to satisfy it at any moment; but, if you will not consent to take judgment for that amount, I will retain the money, and you shall not have the benefit of the provisional remedy to which plaintiffs are in general entitled. If you will not give up all of your claim that I do not choose to concede, you shall have nothing until the end of our litigation, and if it prove that I have then expended the amount in an unjust litigation, yours be the loss, should my means of payment be then exhausted.

It seems to me that this is annexing a condition to the granting of this motion which the legislature did not contemplate.

A defendant, by making such an offer, has done nothing meritorious when he admits its justice. Nor does such an offer place the plaintiff in any better situation than the very admission in the answer does; for, when such an admission is found in the answer, the plaintiff may take judgment for the sum admitted, if he pleases to do so, whether the defendant has made such an offer or not.

If such an offer is made, he may take judgment because such offer is made.

If such an admission is found in the answer, he may have judgment because it is so admitted.

To say that, because the defendant has offered to submit to judgment for a part of the claim, the plaintiff shall not have an order to satisfy that part which is admitted in the answer to be just, is in effect to say that he shall not have such order, because its justice is twice admitted.

Quintard *v.* Secor.

I fully concur in what has been said in other courts and in this court (see *Merritt* v. *Thompson, ante* p. 600) of the caution to be observed in administering this remedy. It may be that an order for the payment of the money will result in an application for an attachment in case of disobedience, and, if a defendant be found in contempt, an imprisonment be called for.

I do not for a moment suppose—as I have on a former occasion suggested—that the legislature intended, by the provision under consideration, to abrogate the laws abolishing imprisonment for debt. Neither the language, nor my view of the design of the legislature, indicates such an intention. Unquestionably the resort to this summary mode of compelling the payment of the sum admitted to be due is controlled by a just discretion given to the court. And if inability to pay is shown by the defendant, it should prevail either to induce the court in the first instance to withhold the order, or to excuse the apparent contempt of the defendant in disobeying it. (See *Myers* v. *Trimble, ante,* p. 507.)

But where, as in the present case, the parties stand before me, the plaintiff claiming $651 15, and the defendant admitting that $572 52 is justly due, and no reason whatever is given for not tendering or paying the sum so admitted except that the plaintiff will not accept a judgment therefor in full satisfaction, I feel constrained to grant the order.

Ordered accordingly.